**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STANLEY MICHAEL CHRISTMAS,

      Plaintiff,                                     CASE NO. 04-70054
                                                       HON. LAWRENCE P. ZATKOFF

v.

CHILDREN'S HOSPITAL, JEAN OUTLER,
SHARON TOURVILLE, ROSEANNE PLASKY,
and CHARLIE DICKSEN,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Detroit, State of Michigan, on June 8, 2005

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on the following motions: (1) Plaintiff's Motion to be Relieved From the Order of March 22, 2005, (2) Plaintiff's Motion to Alter and Amend Judgment of March 22, 2005; (3) Plaintiff's Motion to Alter or Amend Order of March 22, 2005, Pursuant [to] FRCP 59(a)(2); and (4) Defendants' Motion for Leave to File Responses.  Contemporaneously with the filing of their motion for leave to file responses, Defendants filed responses to Plaintiff's motions.  Plaintiff has not replied to Defendants' responses, nor has Plaintiff responded to Defendants' motion.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument.

Therefore, pursuant to E.D. MICH. L.R. 7.1(e)(2), it is hereby ORDERED that the motions will be resolved on the briefs submitted.  For the reasons set forth below, Plaintiff's motions will be DENIED.  In addition, because Plaintiff has not responded to Defendants' motion to file late responses to Plaintiff's motions, the Court hereby GRANTS Defendants' Motion for Leave to File Responses.

## II.  BACKGROUND

This matter involves alleged employment discrimination and retaliation on the basis of race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiff Stanley Christmas, an African American male, claimed that he was sexually harassed, denied a position as a day-shift Security Officer with Defendant Children's Hospital on the basis of his race and gender, and ultimately terminated on the basis of his race and in retaliation for filing an administrative civil rights complaint.  On March 22, 2005, this Court denied Plaintiff's amended motion for summary judgment, and granted both Defendants' motion for summary judgment and Defendants' motion to dismiss for discovery abuse.  The Court found that Plaintiff had failed to present evidence sufficient to create a genuine issue of material fact.  The Court also found that Plaintiff repeatedly ignored discovery orders and engaged in frivolous litigation tactics, including attacking the integrity and impartiality of the Court.  Presently before the Court are three similar motions in which Plaintiff asks the Court to reconsider its earlier opinion based on (1) the Court's alleged bias against Plaintiff; (2) the Court's alleged order that Plaintiff hire an attorney; (3) the Court's consideration of what Plaintiff maintains is hearsay evidence in addressing the parties' competing motions for summary judgment; (4) the possibility of settlement in the event that the

2

March 22, 2005, opinion is set aside; (5) the Court's refusal to force Defendants to arbitrate the dispute; (6) the Court's refusal to hold oral argument, and (7) various discovery rulings made by the Magistrate Judge and addressed by the Court in its opinion granting Defendants' motion for summary judgment.

### III.  DISCUSSION

Plaintiff relies on three rules in support of his motions - FED. R. CIV. P. 59(a)(2), FED. R. CIV. P. 59(e), and FED. R. CIV. P. 60(b).  Rule 59(a)(2) states that "[a] new trial may be granted . . . in an action tried without a jury, for any of the reasons which rehearings have heretofore been granted in suits in equity in the courts of the United States."  Of course, because this case was never tried by either the Court or the jury, Rule 59(a)(2) is inapplicable.  Rule 59(e), however, allows a party to file a motion to "alter or amend a judgment[,]" including a judgment entered as a result of an adverse summary judgment ruling, within 10 days of entry of the judgment.  In general, a Rule 59(e) motion may be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  *GenCorp., Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  While Rule 59(e) motions present a substantive legal challenge to the Court's reasoning, Rule 60 motions involve clerical errors or other palpable defects in the judgment.  *See Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co.*, 395 F.3d 338, 342 & n.7 (6th Cir. 2005).  Although Rule 60(b)(6) allows the Court to overturn a judgment "for any other reason justifying relief from the operation of the judgment[,]" Rule 60(b)(6) motions may be granted only where "it is appropriate to accomplish justice in an extraordinary situation . . . ."  *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985).  Finally, although not cited by Plaintiff, this

3

Court's local rules provide that a motion for reconsideration may be granted where the movant demonstrates a "palpable defect by which the court and the parties have been misled" and "that correcting the defect will result in a different disposition of the case." E.D. MICH. LR. 7.1(g)(3).

The Court finds none of Plaintiff's arguments remotely persuasive. First, Plaintiff points to no evidence of a bias against him, nor could he because this Court extended Plaintiff every benefit of the doubt, both procedurally and substantively. The Court gave Plaintiff wide latitude in filing late and amended motions, and construed the alleged facts in a light most favorable to Plaintiff. Second, the Court never ordered Plaintiff to hire a lawyer. During the scheduling conference in this matter the Court encouraged, but did not order, Plaintiff to hire a lawyer. If Plaintiff disputes the Court's recollection he should feel free to order a transcript of the scheduling hearing. Third, the "hearsay" evidence that Plaintiff points to is not hearsay, but Plaintiff's own admissions, which would be admissible at trial. *See* FED. R. EVID. 801(d)(2) (exempting from the hearsay definition any statement that "is offered against a party and is the party's own statement, in either an individual or a representative capacity . . . ."). Fourth, Plaintiff had ample opportunity to settle this matter as evidenced by the countless documents Plaintiff sent to the Court regarding the parties' settlement discussions. Fifth, Plaintiff's argument that the Court should have forced Defendants to arbitrate this dispute is meritless for the reasons set forth in the Court's July 22, 2004, Order denying Plaintiff's "Motion for Judicial-Annex Arbitration." *See* Docket No. 26. Sixth, only on rare occasions does this Court hold oral argument on dispositive motions; thus, Plaintiff's argument that he was prejudiced by not being allowed to present oral argument is unpersuasive. *See* E.D. MICH. LR. 7.1(e)(2) ("Oral hearings on all other motions will be held *unless the judge at any time prior to*

*the hearing orders their submission and determination without oral hearing on the briefs as required by this rule*.") (emphasis added).  Seventh, and finally, Plaintiff's remaining discovery arguments were previously addressed by both the Magistrate Judge and the Court; therefore, they may not be pursued post-judgment.  *See American Marietta Corp. v. Essroc Cement Corp.*, No. 01-3752, 2003 WL 463493 (6th Cir. Feb. 19, 2003) ("Motions to reconsider must rely on new evidence and not information readily available during the prior proceedings."); E.D. MICH. LR. 7.1(g)(3) ("[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.").  Therefore, Plaintiff's motions for post-judgment relief will be denied.


## IV.  CONCLUSION

Accordingly, for the reasons set forth above, (1) Plaintiff's Motion to be Relieved From the Order of March 22, 2005, [dkt # 90] is hereby DENIED; (2) Plaintiff's Motion to Alter and Amend Judgment of March 22, 2005, [dkt # 88] is hereby DENIED; (3) Plaintiff's Motion to Alter or Amend Order of March 22, 2005, Pursuant [to] FRCP 59(a)(2), [dkt. # 89] is hereby DENIED; and (4) Defendants' Motion for Leave to File Responses is hereby GRANTED.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 8, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290